UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JENNIFER JOHNSON,

Plaintiff,

-against-

MOUNT SINAI HOSPITAL GROUP, INC.,

Defendant.

No. 22-CV-02936 (AMD)(JRC)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

AKERMAN LLP
Rory J. McEvoy, Esq.
Cassidy Mara, Esq.
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
T: (212) 880-3800
rory.mcevoy@akerman.com
cassidy.mara@akerman.com
Attorneys for Defendant

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................ 1

APPLICABLE LEGAL STANDARD ........................................ 4

ARGUMENT ........................................ 5

POINT I PLAINTIFF'S CAUSE OF ACTION FOR PERCEIVED DISABILITY SHOULD BE DISMISSED BECAUSE SHE FAILS TO ALLEGE THE ESSENTIAL ELEMENTS OF THAT CLAIM ........................................ 5

POINT II PLAINTIFF'S CAUSE OF ACTION FOR RETALIATION SHOULD BE DISMISSED BECAUSE SHE FAILS TO ALLEGE THE ESSENTIAL ELEMENTS OF THAT CLAIM ........................................ 6

POINT III PLAINTIFF FAILS TO ALLEGE THAT SHE HAS AN ADA-QUALIFYING DISABILITY OR THAT THERE IS A RECORD OF HER BEING DISABLED ........................................ 9

A. Plaintiff Does Not Allege A Physical Or Mental Impairment That Substantially Limits One Or More Major Life Activities ........................................ 9

B. Plaintiff Does Not Allege A Record of Disability ........................................ 11

CONCLUSION ........................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................................................................................4

*Beckerich v. St. Elizabeth Medical Ctr*.,
563 F. Supp.3d 633 (E.D. Ky. 2021),
reconsideration denied, No. 21-CV-105, 2021 WL 4722915 (E.D. Ky. Sept. 30, 2021)......7, 8

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)....................................................................................................4

*Best v. DiTech Holding Corp.*,
407 F. Supp. 3d 210 (E.D.N.Y. 2019) ........................................................................4

*Brand v. Narco Freedom, Inc.*,
No. 15-CV-5021, 2018 WL 4443129 (E.D.N.Y. Aug. 30, 2018),
*report and recommendation adopted*, 2018 WL 4425939 (E.D.N.Y., Sept. 17, 2018) ...........4

*Capobianco v. City of New York*,
422 F.3d 47 (2d Cir. 2005)........................................................................................10

*Dancause v. Mount Morris Cent. Sch. Dis.*,
590 F. App'x 27 (2d Cir. 2014)..................................................................................10

*Duplan v. City of New York*,
888 F.3d 612 (2d Cir. 2018)..........................................................................................6

*Earl v. Good Samaritan Hosp. of Suffern*,
No. 20-CV-3119, 2012 WL 4462413 (S.D.N.Y. Sep. 28, 2012)...............................11

*Freund v. Cty. of Nassau*,
No. 15-CV-6180, 2017 WL 750480 (E.D.N.Y. Feb 24, 2017) ..........................10, 11

*Garrett v. Garden City Hotel, Inc.*,
No. 05-CV-0962, 2007 WL 1174891 (E.D.N.Y. Apr. 19, 2007) ...............................9

*Jaeger v. N. Babylon Union Free Sch. Dist.*,
191 F. Supp. 3d 215 (E.D.N.Y. 2016) ........................................................................7

*Mattes v. ABC Plastics, Inc.*,
323 F.3d 695 (8th Cir. 2003) .......................................................................................4

*Norman v. NYU Langone Health Sys.*,
492 F.Supp.3d 154 (S.D.N.Y. 2020)..........10

*O'Hailpin v. Hawaiian Airlines, Inc.*,
No. 22-CV-00007, 2022 WL 314155 (D. Haw. Feb. 2, 2022)..........8, 9

*Preuss v. Kolmar Labs., Inc.*,
970 F.Supp.2d 171 (S.D.N.Y. 2013)..........9

*Risco v. McHugh*,
868 F. Supp. 2d 75 (S.D.N.Y. 2012)..........7

*Shklyar v. Carboline Co.*,
No. 22-CV-391, 2022 WL 2867073 (E.D. Mo. July 21, 2022).......... passim

*Smith v. N.Y. Presbyterian Hosp.*,
440 F.Supp.3d 303 (S.D.N.Y. 2020)..........9

*Together Emps. v. Mass Gen. Brigham Inc.*,
No. 21-CV-11686, 2021 WL 5234394 (D. Mass. Nov. 10, 2021)..........9

*Treglia v. Town of Manlius*,
313 F.3d 713 (2d Cir. 2002)..........6

*Vega v. Hempstead Union Free Sch. Dist.*,
801 F.3d 72 (2d Cir. 2015)..........6

*We the Patriots USA, Inc., v. Hochul*,
17 F.4th 266 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021)..........2

*We the Patriots USA, Inc., v. Hochul*,
142 S.Ct. 734 (2021)..........2

**Statutes**

42 U.S.C. § 12102..........5, 10

42 U.S.C. § 12103(1)..........10

42 U.S.C. § 12203(a)..........7

**Rules**

Federal Rule of Civil Procedure 12(b)(6)..........4

**Other Authorities**

29 C.F.R. § 1630.2(k)(2)..........5, 11

10 N.Y.C.R.R. §2.61 .......... 1, 2

**PRELIMINARY STATEMENT**

Plaintiff Jennifer Johnson ("Plaintiff" or "Johnson"), a former Registered Nurse in the Emergency Department at The Mount Sinai Hospital ("Mount Sinai" or the "Hospital") (named herein as "Mount Sinai Hospital Group, Inc.") was terminated on September 27, 2021, for repeatedly refusing to get the COVID-19 vaccine, as mandated by the State of New York and required by Mount Sinai policy.

In July 2020, Mount Sinai began to require employees to enter medical information in a digital tracking system, including temperature and vaccine status. (Pl. Aff. ¶13). Johnson complied with this requirement. *Id.* In June 2021, Mount Sinai updated this requirement to require all employees to either be vaccinated or be tested. (Pl. Aff. ¶¶17, 20). Plaintiff complained for the first time after the June 2021 modification went into effect. (Pl. Aff. ¶ 14).

On August 12, 2021, Mount Sinai updated the policy again to require that vaccination would be mandatory and that employees needed to get their first shot by September 13, 2021, except for employees who were granted medical or religious exemptions. (Pl. Aff. ¶23). Employees who failed to get the first shot by that date would be subject to disciplinary action, up to and including discharge. Plaintiff does not allege that she sought a medical or religious exemption.

On August 26, 2021, 10 N.Y.C.R.R. §2.61 ("Section 2.61") was adopted. Section 2.61 requires hospitals (like Mount Sinai) to "continuously require personnel to be fully vaccinated against COVID-19, with the first dose for current personnel received by September 27, 2021…" 10 N.Y.C.R.R. §2.61(a)(1), (c). Personnel is defined to include employees "who engage in

activities such that if they were infected with COVID-19, they would potentially expose other covered personnel, patients or residents to the disease." *Id*. §2.61(2).[1]

Johnson worked in the Emergency Department at Mount Sinai with suspected COVID patients. (Pl. Aff. ¶¶10, 12). If she became infected with COVID-19, she would have potentially exposed other covered personnel and patients to the disease while working in the Hospital. As a result, Johnson met the definition of personnel under Section 2.61.

Pursuant to Mount Sinai policy and the New York State mandate, Johnson was given until September 13, 2021 to get the first dose of the vaccine. If she did not comply by that date, she would be placed on unpaid leave, and then terminated, if she did not comply by September 27, 2021. (Pl. Aff. ¶21). Plaintiff continued to refuse to be vaccinated despite several warnings. (Pl. Aff. ¶¶17, 20, 21, 23). Accordingly, on September 27, 2021, Johnson's employment was terminated. (Pl. Aff. ¶33).

Nevertheless, Johnson brings this action against Mount Sinai under the Americans with Disabilities Act (the "ADA") alleging that the Hospital perceived her as disabled. (Complaint ¶16). Plaintiff also claims that Mount Sinai retaliated against her for engaging in protected activity in violation of the ADA (Complaint ¶74).

Plaintiff's perceived disability claim should be dismissed because Mount Sinai did not perceive Johnson to be disabled with an ADA-qualifying disability. Plaintiff's conclusory allegations that Mount Sinai regarded her as having a disability are implausible. The materials attached to Johnson's Complaint make clear that Mount Sinai's vaccination policy was generally

---

[1] Healthcare workers and membership organizations challenged §2.61 in two (2) federal court actions. In November 2021, the Second Circuit held that the plaintiffs in those actions were not entitled to a preliminary injunction enjoining enforcement of §2.61. *We the Patriots USA, Inc., v. Hochul*, 17 F.4th 266 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021). On December 13, 2021, the United States Supreme Court denied the plaintiffs' request for an injunction pending further appeal. *We the Patriots USA, Inc., v. Hochul,* 142 S.Ct. 734 (2021).

applicable to all Mount Sinai employees. (Complaint, Exhibit A p. 2; Pl. Aff. ¶¶12, 14, 23). Nevertheless, Johnson alleges that, by implementing its vaccination policy and requiring her to comply with it, Mount Sinai regarded her as having the disability of a contagious disease, an impaired immune system, and an impaired respiratory system. (Complaint ¶16). To infer that Mount Sinai regarded Johnson as having a disability would require inferring that the Hospital regarded all of its employees as having a disability before they were vaccinated. This is not a reasonable inference. Accordingly, Johnson has not plausibly alleged that Mount Sinai regarded her as having a disability.

Johnson's retaliation claim should also be dismissed because (i) she did not engage in protected activity; and (ii) there is no causal connection between her alleged protected activity and her discharge. Mount Sinai required all employees to be vaccinated or face disciplinary action (except those who received a medical or religious exemption). Thus, one would have to infer that all employees who refused to be vaccinated and who were subject to disciplinary action were retaliated against in violation of the ADA. There also can be no inference of retaliatory intent where Mount Sinai had no choice but to comply with a government mandate requiring all Hospital personnel to be vaccinated. (Complaint, Exhibit A pg. 2; Pl. Aff. ¶¶ 20, 23). In addition, since July 2020, Mount Sinai updated its COVID protocols periodically throughout the pandemic to respond to the shifting health and safety risks to employees performing patient-facing work. Plaintiff did not complain until June 2021 about these updated protocols. (Pl. Aff. ¶¶13–14). Therefore, there cannot be a causal connection because Johnson did not complain until after the COVID protocols were implemented. Finally, Plaintiff's termination in September 2021 is too remote in time from her June 2021 complaint to permit an inference of retaliation.

**APPLICABLE LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible when the factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atlantic Corp*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. The complaint must provide more than "labels and conclusions, and a formulaic recitation of the cause of action." *Id*.

Plaintiff's *pro se* status does not exempt her from the requirement that she plead a plausible claim of discrimination and retaliation. *See, e.g., Best v. DiTech Holding Corp.*, 407 F. Supp. 3d 210, 211 (E.D.N.Y. 2019) ("[E]ven *pro se* plaintiffs asserting civil right claims cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'") (citation and internal quotations omitted). This Court has consistently granted dismissal motions pursuant to Fed. R. Civ. P. 12(b)(6) even where the plaintiff is *pro se* on the grounds that the plaintiff failed to plausibly support her *prima facie* case. *See, e.g., Brand v. Narco Freedom, Inc.*, No. 15-CV-5021, 2018 WL 4443129 at *2 (E.D.N.Y. Aug. 30, 2018), *report and recommendation adopted*, 2018 WL 4425939 (E.D.N.Y. Sept. 17, 2018).

While a court must generally ignore materials that are outside the pleadings, a court may consider materials that are necessarily embraced by the pleadings and exhibits that are attached to the complaint. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003).

## ARGUMENT

### POINT I

### PLAINTIFF'S CAUSE OF ACTION FOR PERCEIVED DISABILITY SHOULD BE DISMISSED BECAUSE SHE FAILS TO ALLEGE THE ESSENTIAL ELEMENTS OF THAT CLAIM

Absent an actual or recorded disability, an employee may still be disabled under the ADA if the employee is "regarded as having such an impairment." 42 U.S.C. § 12102. To state a claim for disability discrimination based on having been regarded as having a disability, a plaintiff must plausibly allege that she "has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). (quoting 29 C.F.R. § 1630.2(k)(2)).

Courts have dismissed employees' discrimination claims based on the "regarded as" theory of disability discrimination where the employer, like here, applied its COVID-19 policies to all employees. *Shklyar v. Carboline Co.*, No. 22-CV-391, 2022 WL 2867073, at *5 (E.D. Mo. July 21, 2022) (complaint dismissed with prejudice because Plaintiff did not plausibly allege that Carboline regarded her as having a disability where COVID-19 policies were applied to all employees and, as a result, Plaintiff failed to plausibly allege the existence of an essential element of her discrimination claim: that she is disabled within the meaning of the ADA.).[2]

The allegation that Mount Sinai regarded Plaintiff as having a disability is both conclusory and implausible. It is clear from the Complaint and the materials attached to it that

---

[2] Notably, Johnson's Complaint and Affidavit is remarkably similar to the amended complaint and the affidavit in support of the original complaint in *Shklyar*. *See* McEvoy Declaration ¶¶ 2–3, Exs. 1–2. Indeed, many of the paragraphs in this Complaint and Affidavit are identical to those in *Shklyar*. This strongly suggests that Johnson copied, either in substance or word for word, the paragraphs in the *Shklyar* complaint and [cont'd on following page] affidavit. For the same reasons that the Court in *Shklyar* dismissed the complaint with prejudice, the Court here should dismiss Johnson's Complaint with prejudice.

Mount Sinai's COVID-19 policies were generally applicable to all Mount Sinai employees. (Complaint, Exhibit A p. 2; Pl. Aff. ¶¶12, 14, 23). Johnson's allegation that she was perceived as disabled is simply implausible in light of this general applicability. *See Shklyar,* 2022 WL 2867073 at *5. To infer that Mount Sinai regarded Plaintiff as having a disability would require inferring that Mount Sinai regarded all of its employees as having a disability before they were vaccinated – yet another unreasonable inference. *Id*. Thus, Plaintiff has failed to allege an essential element of her perceived disability claim – that Mount Sinai regarded her as having a disability.

**POINT II**

**PLAINTIFF'S CAUSE OF ACTION FOR RETALIATION SHOULD BE DISMISSED BECAUSE SHE FAILS TO ALLEGE THE ESSENTIAL ELEMENTS OF THAT CLAIM**

To state a claim of retaliation, a plaintiff must show (i) that she participated in a protected activity; (ii) known to the employer; (iii) the employer took an adverse employment action; and (iv) a causal connection between the protected activity and the adverse employment action. *See Treglia v. Town of Manlius,* 313 F.3d 713, 719 (2d Cir. 2002). Moreover, for Plaintiff to "adequately plead causation," she must "plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action. *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018) (citing *Vega v. Hempstead Union Free Sch. Dist.*,, 801 F.3d 72, 90-91, (2d Cir. 2015)) (internal quotations omitted).

Plaintiff claims that she was "retaliated against based on disability for refusing to accept [Defendant's] accommodations." (Pl. Aff. ¶2). Plaintiff's retaliation claim fails because (i) she fails to allege that she engaged in protected activity; (ii) there could not possibly have been a targeted retaliatory action against Johnson, and therefore no causation, because Mount Sinai did not engage in any individual decision making regarding her – if an employee, subject to the New

York State mandate, like Plaintiff, did not provide proof of vaccination, and did not have a medical or religious exemption, they were terminated; (iii) she did not complain until June 2021 about COVID-19 policies that were first implemented in July 2020; and (iv) her complaints in June 2021 are too remote in time from her discharge more than three months later in September 2021 to permit an inference of retaliation.

Reduced to its essence (and despite their length), Johnson's claims amount to nothing more than her personal dislike of the vaccination requirement. This is confirmed by the fact that Plaintiff does not allege that she sought a medical or religious exemption to being vaccinated. 42 U.S.C. § 12203(a) (protecting employees when they exercise or enjoy "a right granted or protected" by the ADA). *See also Jaeger v. N. Babylon Union Free Sch. Dist.*, 191 F. Supp. 3d 215, 232 (E.D.N.Y. 2016) ("absent a claim of unlawful discrimination, general complaints about employment concerns do not constitute protected activity"); *Risco v. McHugh*, 868 F. Supp. 2d 75, 110 (S.D.N.Y. 2012) ("Generalized complaints about a supervisor's treatment are insufficient.")

The conclusion is unavoidable that Plaintiff's refusal to be vaccinated was made for personal reasons. For example, Plaintiff alleges that a mandatory vaccination policy amounts to "participating in clinical trials and epidemiological experiments as a condition of employment." (Complaint ¶61). In *Beckerich v. St. Elizabeth Medical Ctr*., 563 F. Supp.3d 633, 644 (E.D. Ky. 2021) (reconsideration denied, No. 21-CV-105, 2021 WL 4722915 (E.D. Ky. Sept. 30, 2021)), the Court said that a private employer's implementation of vaccination policies is not an infringement on an employee's individual liberties with respect to their personal choices. As the Court noted, "no Plaintiff in this case is being forcibly vaccinated." "Rather, the Plaintiff[] [is] choosing whether to comply with a condition of employment, or to deal with the potential

consequences of that choice." *Id*. Mount Sinai has not "forced" its employees to become vaccinated. Instead, it has presented its employees with a choice, as it was required to by New York State law – become vaccinated, or deal with the consequences of refusing to do so.

Plaintiff also failed to allege a causal connection between her alleged protected activity and the adverse action taken against her for two separate, independent reasons. First, there can be no retaliatory intent and, thus, no causation, where New York State required Mount Sinai to have its personnel vaccinated. Complying with a government mandate defeats any possible inference of causation.

Next, after Mount Sinai put COVID-19 policies into effect in July 2020, Plaintiff complied with those policies for almost a year, until June 2021. (Complaint, Exhibit A p. 2; Pl. Aff. ¶¶13–4). It was only after Mount Sinai updated those policies in June 2021 that Johnson objected to complying. *Id.* Even then, Mount Sinai gave Johnson numerous chance to comply. (Pl. Aff. ¶¶17, 20, 21, 23). Only several months later, after Plaintiff continued to refuse to comply did Mount Sinai terminate Johnson's employment – and the decision to terminate Johnson was made because Mount Sinai could not keep Johnson employed and comply with New York State law. This adverse action was taken pursuant to policies implemented before Plaintiff engaged in her alleged protected activity. Courts have repeatedly found that, where an adverse action is taken pursuant to policies implemented before the adverse action, it is not reasonable to infer that there was a causal connection between the complaint and the adverse action. *See Shklyar*, 2022 WL 2867073 at *6; *see also O'Hailpin v. Hawaiian Airlines, Inc.,* No. 22-CV-00007, 2022 WL 314155, at *11 (D. Haw. Feb. 2, 2022) ("Plaintiffs are unlikely to establish a prima facie case of retaliation ... because the adverse employment actions ... appear to be unconnected to their … requests. Indeed, the vaccine policy was established, as well as the

consequences for failing to comply[,] ... before Plaintiffs submitted their … requests.”); *see also Together Emps. v. Mass Gen. Brigham Inc.*, No. 21-CV-11686, 2021 WL 5234394, at *20 (D. Mass. Nov. 10, 2021) (finding plaintiffs likely could not show a causal connection between protected activity and adverse employment action where defendant asserted that “plaintiffs [were] subject to unpaid leave and potential termination not because they requested exemption, but because they were not approved and remain[ed] noncompliant with the Vaccination Policy.”).

Finally, Plaintiff's termination on September 27, 2021 is too remote in time from her first complaint, nearly four months earlier, on June 5, 2021 to permit an inference of retaliation. *See Smith v. N.Y. Presbyterian Hosp.*, 440 F.Supp.3d 303, 343 (S.D.N.Y. 2020) (3 and 4 months gaps between protected activity and adverse actions were insufficient) (collecting cases); *Preuss v. Kolmar Labs., Inc.*, 970 F.Supp.2d 171, 198 (S.D.N.Y. 2013) ("district courts in the Circuit have held that a passage of more than two months between the protected activity and the adverse employment action does not allow for an inference of causation") (internal quotations and citations removed) (collecting cases); *Garrett v. Garden City Hotel, Inc.*, No. 05-CV-0962, 2007 WL 1174891, at *21 (E.D.N.Y. Apr. 19, 2007) (same).

## POINT III

## PLAINTIFF FAILS TO ALLEGE THAT SHE HAS AN ADA-QUALIFYING DISABILITY OR THAT THERE IS A RECORD OF HER BEING DISABLED

### A. Plaintiff Does Not Allege A Physical Or Mental Impairment That Substantially Limits One Or More Major Life Activities

Although Johnson does not have a separate cause of action for disability discrimination, she makes passing reference to having a disability in her papers. (Pl. Aff. ¶¶8, 9) To the extent that Plaintiff seeks to assert such a claim it should be dismissed because she does not have an ADA-qualifying disability. To survive a motion to dismiss, a plaintiff must allege that her

alleged disability "substantially limits one or more major life activities." *See Freund v. Cty. of Nassau*, No. 15-CV-6180, 2017 WL 750480, at *4 (E.D.N.Y. Feb 24, 2017); *See also* 42 U.S.C. 12103(1). "Not every impairment is a 'disability' within the meaning of the ADA; rather, there are two requirements: the impairment must limit a major life activity and the limitation must be substantial." *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005) (citing 42 U.S.C. § 12102(2)(A)).

To satisfy this standard at the motion to dismiss stage, a plaintiff must allege that she suffers from a physical or mental impairment that substantially limits one or more major life activities. *Freund*, 2017 WL 750480, at *4. *See also* 42 U.S.C. §12102(1). A "major life activity" includes "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. §12102(2).

Johnsons does not allege that her alleged disability substantially limits a major life activity. Plaintiff alleges that her objection to vaccination is based on her belief that she would be participating in clinical trials and epidemiological experiments. (Complaint ¶61). Her objection to vaccination is not based on a physical or mental impairment that substantially limits one or more of her major life activities and thus, does not constitute a disability under the ADA. *See Norman v. NYU Langone Health Sys.*, 492 F.Supp.3d 154, 164–65 (S.D.N.Y. 2020) (allergic reaction to flu vaccine is not a disability under the ADA). Accordingly, Johnson fails to state a claim for disability discrimination and, to the extent that Plaintiff seeks to assert such a claim, it should be dismissed. *See, e.g., Dancause v. Mount Morris Cent. Sch. Dis.*, 590 F. App'x 27, 28–29 (2d Cir. 2014) (affirming dismissal of disability discrimination claim because the plaintiff failed to sufficiently allege facts showing that she was disabled under the ADA); *Freund*, 2017

WL 750480, at *4 (dismissing disability discrimination claim because the plaintiff failed to allege that he was disabled within the meaning of the ADA); *Earl v. Good Samaritan Hosp. of Suffern*, No. 20-CV-3119, 2012 WL 4462413, at *5–6 (S.D.N.Y. Sep. 28, 2012) (same).

**B. Plaintiff Does Not Allege A Record of Disability**

Here again, Plaintiff does not allege a cause of action for disability discrimination based on a record of a disability, although Plaintiff makes vague references to such a record throughout her papers (Complaint ¶16). To the extent that Plaintiff seeks to assert such a claim, it should be dismissed because she has failed to plausibly allege, as required, that she has "a history of an impairment that substantially limited one or more major life activities when compared to most people in the general population, or was misclassified as having had such an impairment." 29 C.F.R. § 1630.2(k)(2). Courts have dismissed employee's discrimination claims based on the record of disability theory where the employee alleged her employer misclassified her as having a disability, but the employer applied COVID-19 policies and procedures to all employees. *See Shklyar*, 2022 WL 2867073 at *5 (finding that employee did not plausibly allege that employer misclassified her as having a disability where it applied COVID-19 policies and procedures to all employees and thus employee could not proceed under the record of disability theory, and dismissing the action for failure to state a claim for discrimination under the ADA).

Plaintiff's allegation that Mount Sinai made a record of her having a disability is conclusory and implausible. Mount Sinai applied its COVID-19 vaccination policies to all employees (as it was required to do by New York State law). (Complaint, Exhibit A p. 2 (requiring all employees face-forwarding patients be tested for COVID-19)); Pl. Aff. ¶14 (requiring all staff members to be tested). Accordingly, just like Plaintiff's allegation that she was "regarded as" having a disability by Mount Sinai, to infer that Plaintiff was misclassified as having a disability would require inferring that Mount Sinai misclassified all of its employees

before they were vaccinated as having a disability – yet another unreasonable inference. *See Shklyar*, 2022 WL 2867073 at *5.

**CONCLUSION**

For all the foregoing reasons, Mount Sinai's motion to dismiss should be granted and the Complaint should be dismissed in its entirety with prejudice.

Date: New York, New York
August 19, 2022

**AKERMAN LLP**

/s/ Rory J. McEvoy
Rory J. McEvoy
Cassidy Mara