UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JENNIFER JOHNSON,

        Plaintiff,

-against-

MOUNT SINAI HOSPITAL GROUP, INC.,

        Defendant.

---

Case No. 1:22-CV-02936 (AMD)(JRC)

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE OR VACATE ORDER

AKERMAN LLP

Rory J. McEvoy, Esq.
Cassidy Mara, Esq.
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
T: (212) 880-3800
rory.mcevoy@akerman.com
cassidy.mara@akerman.com
*Attorneys for Defendant*

**PRELIMINARY STATEMENT**

On May 16, 2022, plaintiff Jennifer Johnson ("Johnson" or "Plaintiff") filed a Complaint with the Court alleging discrimination and retaliation on the basis of a perceived disability. (ECF No. 1). On August 19, 2022, Defendant The Mount Sinai Hospital ("Mount Sinai" or the "Hospital") (named herein as "Mount Sinai Hospital Group, Inc.") filed a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 14). The Court granted Defendant's motion on February 22, 2023, finding that Plaintiff failed to allege: (i) a real impairment, (ii) that she was substantially limited in any major life activity, (iii) that Mount Sinai regarded her as having a disability, or (iv) that there was a causal connection between Plaintiff's so-called "protected activity" and the adverse action taken by Mount Sinai.[1]  (ECF No. 21).

Plaintiff now moves to vacate the Court's Order (the "Order") dismissing the Complaint. (ECF No. 23). Plaintiff asks the Court to set aside or vacate the Order "because the determination reached by the court was erroneous, the court abused its discretion, demonstrated its lack of understanding of disability law (i.e. the ADA) and further demonstrated that it was biased and prejudiced because the court is participating in the same illegal "Covid" policies as the defendants." *Id.*

Plaintiff's motion to vacate should be denied because Plaintiff failed to set forth any basis (because there is none) for setting aside the Order.

**APPLICABLE LEGAL STANDARD**

Presumably, Plaintiff's motion is made pursuant to Fed. R. Civ. P. 60 ("Rule 60"). Rule 60(b) governs motions for relief from a final judgment. The Rule provides:

> [o]n motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered

---

[1] The Court also denied Plaintiff's motion to amend her complaint (ECF No. 18) as futile. (ECF No. 21).

1

> evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Greer v. Mehiel*, 805 Fed.Appx. 25, 31 (2d Cir. 2020) (summary order) (*quoting Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008), and upholding the district court's finding that the plaintiff failed to demonstrate "exceptional circumstances" warranting relief). The Court may decide whether to grant a party's Rule 60(b) motion in its discretion. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (finding that the district court did not abuse its discretion in denying a Rule 60(b)(6) motion).

Although a pro se motion is read liberally and interpreted to raise the strongest arguments suggested, "a pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." *Alvarado v. Manhattan Worker Career Ctr.*, No. 01-CV-9288, 2003 WL 22462032, at 2 (S.D.N.Y. Oct. 30, 2003) (finding that a *pro se* plaintiff seeking Rule 60(b)(6) relief failed to allege exception circumstances by alleging an attorney's shortcomings, in the underlying action).

## **ARGUMENT**

Plaintiff has failed to show that Rule 60 relief is warranted. Plaintiff does not (i) seek relief from a final judgment arising from mistake, inadvertence, surprise, or excusable neglect of a party or its representatives (Rule 60(b)(1)); (ii) present newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) warranting relief under (Rule 60(b)(2)); (iii) allege fraud (whether previously called

intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party (Rule. 60(b)(3)); (iv) allege that the judgment is void (Rule. 60(b)(4)); or (v) demonstrate that Order was based on an earlier judgment that was reversed or vacated (Rule 60(b)(5)).

A court may treat a motion to vacate a prior judgment as having been made under Rule 60(b)(6) "only if the other, more specific grounds for relief encompassed by the rule are inapplicable." *Azkour v. Little Rest Twelve*, No. 10-CV-4132, 2017 WL 1609125, at 4 (S.D.N.Y. April 28, 2017) (*quoting Maduakolam v. Columbia Univ*., 866 F.2d 53, 55 (2d Cir. 1989), and finding that the plaintiff failed to meet the extraordinary circumstances requirements for relief under Rule 60(b)(6) where plaintiff used Rule 60(b)(6) to circumvent the one-year limitations period that applies to Rules 60(b)(1) – (3)). Additionally, the party seeking relief under Rule 60(b)(6) must demonstrate "extraordinary circumstances" or "extreme and undue hardship." *See Siino v. City of New York*, No. 14-CV-7217, 2021 WL 6063610, at 4 (E.D.N.Y. Dec. 21, 2021) (finding that the plaintiff failed to allege extraordinary circumstances or extreme and undue hardship that would warrant the rare relief afforded by Rule 60(b)(6)).

Here, Plaintiff has not even attempted to meet this standard. Instead, Plaintiff repeats her previous claims that the Court's order is "erroneous" and that the court abused its discretion without providing any specific facts or evidence to support those claims. Plaintiff also accuses the Court of "lack[ing] an understanding" of the Americans with Disability Act, being "biased and prejudiced" and engaging in "illegal COVID policies." Nothing need be said about these allegations because they are arrant nonsense.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to vacate should be denied.

Dated: New York, New York
April 7, 2023

                                      **AKERMAN LLP**

                                      */s/ Rory J. McEvoy*
                                      Rory J. McEvoy
                                      Cassidy Mara

4