UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                      :

**JENNIFER JOHNSON**,

                                    Plaintiff,

               – against –

**MOUNT SINAI HOSPITAL GROUP, INC.**

                                  Defendant.
------------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER**

22-CV-2936 (AMD) (JRC)

**ANN M. DONNELLY**, United States District Judge:

    Before the Court is the *pro se* plaintiff's motion to set aside or vacate the Clerk's Judgment dismissing her complaint. (ECF No. 23.) As explained below, the motion is denied.

## BACKGROUND

    I assume the parties' familiarity with the facts and the record of the prior proceedings and incorporate them from my prior order. (ECF No. 21.) I summarize the facts only to the extent necessary to decide the plaintiff's motion.

    On August 19, 2022, the defendant moved to dismiss the plaintiff's complaint for failure to state a claim. (ECF No. 14.) On September 14, 2022, the plaintiff filed her opposition to the motion to dismiss (ECF No. 17), and a separate motion to amend (ECF No. 18). On February 22, 2023, I granted the defendant's motion to dismiss because the plaintiff failed to state a claim upon which relief could be granted and denied her motion to amend. (ECF No. 21.) Accordingly, the Clerk of Court entered a judgment dismissing the case in its entirety. (ECF No. 22.)

    On March 21, 2023, the plaintiff filed a motion to set aside or vacate the Clerk's Judgment. (ECF No. 23.) On March 28, 2023, the plaintiff filed a notice of appeal to the Second

Circuit from the Clerk's Judgment and the Court's order dismissing the complaint. (ECF No. 24.) The defendant opposed the motion to set aside or vacate on April 7, 2023. (ECF No. 26.)

## LEGAL STANDARD

"Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure." *U.S. v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, N.Y. 11362*, 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014). The plaintiff characterizes her motion as a "motion to set aside or vacate," without specifying the procedural mechanism under which she seeks to vacate the judgment. Since the plaintiff is *pro se*, I liberally construe her motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), and as a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b).

### I.     Rule 59(e)

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In determining a motion for reconsideration, the court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

**II.     Rule 60(b)**

Rule 60(b) allows the Court to relieve a party from a final judgment in certain circumstances, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986); *see also Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (Rule 60(b) is "a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances") (citations and quotation marks omitted)). "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Djenasevic v. New York*, No. 17-CV-6366, 2019 WL 2330854, at *2 (E.D.N.Y. May 30, 2019) (internal quotation marks omitted) (quoting *Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013)).

## DISCUSSION

Although the plaintiff filed an appeal after she filed her motion to vacate, the Court is not divested of jurisdiction to decide this motion. *Am. Transit Ins. Co. v. Bilyk*, 514 F. Supp. 3d 463, 471 (E.D.N.Y. 2021) ("[W]here, as here, the notice of appeal is filed while a timely filed motion for reconsideration is pending, the trial court retains jurisdiction over the post-judgment motion, and the notice of appeal does not become effective until entry of an order disposing of the motion."); *see also* Fed. R. App. P. 4(a)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule

3

4(a)(4)(A)—the notice becomes effective to appeal a judgment or order . . . when the order disposing of the last such remaining motion is entered."); 4(a)(4)(A)(iv) (motion to alter or amend the judgment under Rule 59 or for relief under Rule 60 listed as qualifying post-judgment motion).

The plaintiff is not entitled to relief under either Rule 59 or Rule 60, because she has not demonstrated that the Court overlooked any legal or factual issue that would have altered its decision, nor has she identified any extraordinary circumstances that would justify relief from the order.  *Tanner v. MTA Long Island R.R.*, No. 22-CV-9831, 2023 WL 2889456, at *1-3 (S.D.N.Y. Apr. 10, 2023) (denying a Rule 59(e) motion where the plaintiff did not demonstrate that the Court overlooked any "controlling decisions or factual matters," and a Rule 60(b) motion where the plaintiff did not demonstrate "extraordinary circumstances exist[ed]" to warrant relief); *Pickering-George v. Gazivoda Mgmt. LLC*, No. 22-CV-10397, 2023 WL 1466634, at *1-2 (S.D.N.Y. Feb. 1, 2023) (denying a Rule 59(e) motion where the plaintiff did not show "that the Court overlooked any controlling decisions or factual matters with respect to dismissal of [the] action" and a Rule 60(b) motion where the plaintiff "failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) applie[d] or that extraordinary circumstances exist[ed] to warrant relief under Rule 60(b)(6)"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 11466792, at *1-2 (E.D.N.Y. Mar. 29, 2018) (finding that the standards for reconsideration under Rule 59 and Rule 60 were not met where the plaintiff's "sparse letter" did not identify "any controlling decisions or data that the court overlooked" or "provide any legal or factual basis for the Court to reconsider the Order." (internal quotation marks and citation omitted)).  The plaintiff's arguments—that the Court's decision was "erroneous," that it "abused its discretion," that it does not understand disability law, and was "biased and prejudiced" (ECF

4

No. 23 at 1)—do not warrant the extraordinary relief that she seeks. Accordingly, the plaintiff's motion is denied.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion is denied.

**SO ORDERED.**

                                                     s/Ann M. Donnelly
                                                     ANN M. DONNELLY
                                                     United States District Judge

Dated: Brooklyn, New York
         April 28, 2023